UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Associated Bank, National Association,

        Plaintiff,

v.                                                                                         Civil No. 14-524 (JNE/LIB)
                                                                                           ORDER
Estate of William E. Kelm, Estate of Judith
A. Kelm, Unknown Heirs of William E.
Kelm and Judith A. Kelm, State of
Minnesota, United States of America,
Capital One Bank, J. Doe I-V, and XYZ Co.
I-V,

        Defendants.

        Associated Bank, National Association, brought this action in state court to foreclose mortgages on real property located in Goodhue County, Minnesota. After removing the action from state court, the United States filed an answer. More than two months later, Associated Bank filed a motion to dismiss. *See* Fed. R. Civ. P. 41(a)(2). The United States opposed the motion. For the reasons set forth below, the Court will dismiss this action without prejudice upon Associated Bank's payment of the reasonable costs and attorney fees incurred by the United States in this action.[1]

        With exceptions not applicable here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.* A court has discretion to grant a voluntary dismissal:

---

[1]    The hearing on Tuesday, July 8, 2014, is cancelled.

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted); *see Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013).

According to Associated Bank, it brought this action in state court to foreclose its first and second mortgages and to subordinate several intervening liens to its second mortgage. The United States, the sole defendant that has appeared in this action, removed the action from state court and filed an answer. After receiving the United States' answer, Associated Bank obtained an updated valuation of the property. The updated valuation disclosed extensive water damage to the property. Associated Bank concluded that "the property does not hold sufficient value to justify contested litigation with the United States on the issue of priority or the foreclosure of the [s]econd [m]ortgage." Thus, Associated Bank sought to dismiss the action without prejudice so that it may foreclose its first mortgage by advertisement. In the alternative, Associated Bank sought a dismissal of its claim to foreclose the second mortgage and its subordination claim against the United States.

The United States opposed the motion. It asserted that it had "invested time and money in removing this action to federal court as a matter of right and tendering a defense of this action"; that it "would be grossly disadvantaged and financially harmed were [Associated Bank] allowed to pursue this action in another forum thus depriving

this [C]ourt of jurisdiction"; and that the Court should deny the motion because Associated Bank moved to dismiss the action only to bring it in another forum.

Associated Bank has presented a proper explanation for its desire to dismiss this action. Associated Bank moved to dismiss the action a few months after its removal from state court. A dismissal would not result in a waste of judicial time and effort.[2] Any prejudice to the United States is slight. *See Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("The motion to dismiss came at the outset of the action, so little judicial time and effort had been expended. Likewise, any prejudice to defendants was limited because the case had not progressed beyond the pleading stage."); *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) ("The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit."). Associated Bank did not move to dismiss the action merely to avoid an adverse decision or to seek a more favorable forum.[3]

---

[2] The Court expects that plaintiff's counsel will not repeat the unfortunate oversights that yielded the Report and Recommendation of April 24, 2014.

[3] One commentator offered the following summary of the advantages and disadvantages of foreclosure by advertisement under Minnesota law:

> Foreclosure by advertisement generally is an effective foreclosure remedy which is faster, more efficient and less costly than foreclosure by action. On the other hand, foreclosure by advertisement may be more vulnerable to attack than a foreclosure by action due to the lack of court supervision, the absence of an adversarial proceeding, and the inapplicability of the concept of judicial finality. In addition, foreclosure by advertisement has been attacked, albeit with little success, because of alleged constitutional deficiencies due to lack of notice and hearing.

Payment to a defendant of costs and attorney fees may properly be a condition for dismissal without prejudice under Rule 41(a)(2). *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984). Given Associated Bank's intent to commence a foreclosure by advertisement upon this action's dismissal without prejudice, the Court conditions dismissal without prejudice on Associated Bank's payment of the reasonable costs and attorney fees incurred by the United States in this action. If Associated Bank declines to pay the United States' reasonable costs and attorney fees, then Associated Bank may withdraw its motion to dismiss the action without prejudice.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The hearing on July 8, 2014, is CANCELLED.

2. If Associated Bank declines to pay the United States' reasonable costs and attorney fees incurred in this action, then Associated Bank may withdraw its motion to dismiss the action without prejudice.

3. Otherwise, within seven days of the date of this Order, Associated Bank and the United States shall confer regarding the amount of the United States' reasonable costs and attorney fees incurred in this action.

4. If Associated Bank and the United States agree as to the amount of the United States' reasonable costs and attorney fees incurred in this action, then the Court will dismiss the action without prejudice upon payment of the amount by Associated Bank. Associated Bank and the United States shall jointly notify the Court that Associated Bank made the payment.

5. If Associated Bank and the United States do not agree as to the amount of the United States' reasonable costs and attorney fees incurred in this action, then Associated Bank and the United States shall, within seven days of

---

Finally, choice of foreclosure by advertisement, in practice, probably precludes a deficiency judgment.

6A Steven J. Kirsch, *Minnesota Practice* § 49.2 (3d ed. 1990) (footnotes omitted).

their conference, serve and file memoranda and supporting documents on the issue of the amount of the United States' reasonable costs and attorney fees incurred in this action.

Dated: July 3, 2014

                                                s/Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge