UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Associated Bank, N.A.,

    Plaintiff,

v.

Estate of William E. Kelm, Estate of Judith
A. Kelm, Unknown Heirs of William E.
Kelm and Judith A. Kelm, State of
Minnesota, United States of America,
Capital One Bank, Linda Kelm, Mark Kelm,
J. Doe I-V, and XYZ Co. I-V,

    Defendants.

Civil No. 14-524 (JNE/LIB)
ORDER

This is an action to foreclose a mortgage. Associated Bank, N.A., brought it in state court. The United States, the sole defendant that has appeared in this action, removed it from state court. After the United States and Associated Bank had stipulated to the entry of an order for judgment, Associated Bank moved for default and summary judgment. It also moved to reduce the mortgagors' redemption period to five weeks. *See* Minn. Stat. § 582.032. The Court heard Associated Bank's motions in January 2015. At that hearing, the Court granted Associated Bank leave to amend its complaint. Associated Bank did so, naming the mortgagors' daughter and son as defendants. Associated Bank filed another motion for default and summary judgment,[1] as well as another motion to reduce the mortgagors' redemption period to five weeks. The Court grants the motions.

---

[1] Associated Bank's first motion for default and summary judgment is denied as moot.

1

Associated Bank requested that a money judgment of $40,685.78, as of July 13, 2015, be entered. The amount requested includes $27,982.46 for amounts due under a note as of May 15, 2015; $202.37 for interest from May 15 to July 13, 2015; $10,975.75 for attorney fees; and $1,525.20 for costs. The requested attorney fees include hours devoted to Associated Bank's motion to dismiss this action without prejudice. At the January 2015 hearing, the Court stated that Associated Bank would not be awarded attorney fees for the time devoted to the bank's motion to dismiss the action without prejudice. The Court deducts $1,150.25 from the requested attorney fees. An additional deduction is appropriate to account for unreasonable hours in the attorney fees requested. For example, 6.5 hours were devoted to drafting Associated Bank's second motion for summary and judgment, as well as its second motion to reduce the mortgagors' redemption period to five weeks. The second motions are similar to the motions heard in January 2015. The Court awards attorney fees of $8,000 to Associated Bank. The Court also awards Associated Bank $1,525.20 for costs; $27,982.46 for amounts due under the note as of May 15, 2015; and $202.37 for interest from May 15 to July 13, 2015.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Associated Bank's Motion for Default and Summary Judgment [Docket No. 53] is DENIED as moot.

2. Associated Bank's Second Motion for Default and Summary Judgment [Docket No. 91] is GRANTED.

3. Associated Bank's Second Motion for Entry of an Order Reducing the Mortgagors' Redemption Period to Five Weeks Pursuant to Minn. Stat. § 582.032 [Docket No. 96] is GRANTED.

4.  A money judgment (the "Outstanding Judgment") shall be entered in favor of Associated Bank and against Defendants Estate of William E. Kelm and Estate of Judith A. Kelm in the amount of $37,710.03, consisting of the following:

| | |
|---|---:|
| Amount due under Note as of May 15, 2015 | $ 27,982.46 |
| Interest from May 15, 2015 to July 13, 2015 | $ 202.37 |
| Attorney fees | $ 8,000.00 |
| Costs | $ 1,525.20 |
| **Total** | **$ 37,710.03** |

5.  Associated Bank is entitled to a foreclosure of the mortgage executed by William E. Kelm and Judith A. Kelm, dated March 1, 1999, and recorded March 12, 1999, in the Office of the Goodhue County Recorder as document no. 427212 (the "Mortgage") that conveyed and mortgaged the property legally described as follows (the "Property"):

Lot 37, Glen View Addition to the City of Red Wing, Minnesota.

6.  The Outstanding Judgment is adjudged to be a lien upon the Property, which lien is prior and superior to the right, title and interest of the defendants and all persons claiming through them.

7.  The Sheriff of Goodhue County is directed to sell the Property in one parcel in the manner and form provided by Minnesota law. In the event that Associated Bank shall make a "full debt bid" at the foreclosure sale, it may bid in such further costs and attorney fees incurred, subject to confirmation by the Court.

8.  Associated Bank has presented evidence that the Property is abandoned and subject to a five-week redemption period pursuant to Minn. Stat. § 582.032; accordingly the sale shall be made subject to a mortgagor's redemption period of five weeks from the date of the Court's order confirming the sale.

9.  Notwithstanding the mortgagor's redemption period, the United States may redeem within 120 days from the date of the Court's order confirming the sale.

10.  The proceeds of the sale shall be applied first in payment of the costs and expenses of the sale, and then to the payment of the amount adjudged to be due, plus interest, and any overage from said sale shall be paid into the Court to abide the further order of the Court with respect thereto.

11.  The Sheriff shall make a report of said sale, and said sale shall be subject to confirmation by the Court. Upon confirmation of sale, the Sheriff shall execute and deliver to the purchaser a certificate of sale.

12. Upon confirmation of sale, the Clerk of Court shall satisfy the Outstanding Judgment to the extent of the sum bid for the Property, less costs and expenses of the sale, and less further attorney fees as determined by the Court.

13. All of the defendants and all persons claiming through them shall be forever barred and foreclosed from any interest, lien or equity of redemption in the Property except the right of redemption as provided by law.

14. In the event that no party entitled to redeem as provided by law redeems from the sale, then the sale of the Property pursuant to this Order for Judgment will divest the lien of the United States against the Property pursuant to Minnesota law and the operation of 28 U.S.C. § 2410.

15. The Court reserves jurisdiction of this action for all further appropriate proceedings.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 13, 2015

    s/Joan N. Ericksen
    JOAN N. ERICKSEN
    United States District Judge